IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
SALVATORE DiNAPOLI, MICHELLE NEESE,  :
and CHRISTOPHER FLYNN,               :   CIVIL ACTION
                                    :
            Plaintiffs,              :
                                    :
       v.                            :   No. 09-5924
                                    :
INTERNATIONAL ALLIANCE OF            :
THEATRICAL STAGE EMPLOYEES LOCAL 8,  :
and THE WALNUT STREET THEATER        :
CORPORATION                          :
                                    :
            Defendants.              :
_____:

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                            **MARCH 18, 2011**

Presently before the Court are a Motion to Compel Discovery Responses from Defendant International Alliance of Theatrical Stage Employees Local 8 ("Union Motion") and a Motion to Compel Discovery Responses and/or Supplemental Responses from Defendant the Walnut Street Theater Corporation ("Theater Motion") filed by Plaintiffs Salvatore DiNapoli ("DiNapoli"), Michelle Neese ("Neese"), and Christopher Flynn ("Flynn") (collectively, "Plaintiffs"). For the reasons set forth below, Plaintiffs' Motions will be denied.

**I.  BACKGROUND**

This suit is primarily one for breach of a collective bargaining agreement ("CBA") by Defendants International Alliance of Theatrical Stage Employees ("the Union") and The Walnut Street Theater Corporation ("the Theater") (collectively, "Defendants") and breach of duties owed to union members by the Union. Plaintiffs allege that Neese was wrongfully terminated

from employment by the Theater after she reported that several employees submitted inaccurate timesheets. Plaintiffs also allege that DiNapoli and Flynn were wrongfully terminated for their presumed involvement in reporting the timesheet inaccuracies. According to the Plaintiffs, each termination of employment amounted to a breach of the CBA by both Defendants. Moreover, Plaintiffs allege that the Union did not follow proper procedure to amend the terms of the CBA, failed to process grievances filed by them, and retaliated against them for instituting the instant litigation.

On December 11, 2009, Plaintiffs filed this action against the Union, the Theater, and several other individuals who were employees or representatives of either the Union or the Theater. Originally the scope of Plaintiffs' case was much broader. Plaintiffs initially alleged breach of the duty of fair representation against the Union (Count I),[1] breach of the CBA against the Union and Theater (Count II),[2] retaliatory suspension and/or discharge against the Theater (Count III), civil conspiracy against all defendants (Count IV), intentional infliction of emotional distress against all Defendants (Count V), fraud against all defendants (Count VI), and fraudulent misrepresentation against all defendants (Count VII).

The following events narrowed the scope of Plaintiffs' case considerably. On March 1, 2010, the Theater filed a Motion to Dismiss seeking to dismiss a majority of the counts against it, and on April 15, 2010, the Union filed a Motion for Judgment on the Pleadings. On May 19, 2010, we dismissed Counts III, IV, V, VI, and VII with prejudice. As a result, the individuals

---

[1] Plaintiffs alleged that the breach violated § 31 of the Labor Relations Management Act, 29 U.S.C. § 185(a).

[2] Plaintiffs alleged that the breach of the CBA violated the National Labor Relations Act, 29 U.S.C. §§ 151, et seq.

2

who were employees or representatives of the Union or the Theater were terminated from the suit. On July 30, 2010, Plaintiffs filed a Motion for Leave to Amend their Complaint, which we granted on August 30, 2010. That same day, Plaintiffs filed an Amended Complaint, in which they allege breach of the fair duty of representation against the Union (Count I), breach of the CBA against both Defendants (Count II), violation of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA") (Count III),[3] and retaliation for exercising their rights under the National Labor Relations Act ("NLRA") (Count IV).[4]

On February 2, 2011, Plaintiffs filed the Union Motion and the Theater Motion.[5] Plaintiffs seek to compel the Union to respond to one interrogatory and one request to produce documents. Plaintiffs seek to compel the Theater to respond to eight interrogatories and eight requests to produce documents. On February 14, 2011, the Union filed a Response in Opposition to the Union Motion. That same day, the Theater filed a Response in Opposition to the Theater Motion.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 26 allows litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Material is relevant if it bears on, or reasonably could bear on, an issue that is or may be

---

[3]Plaintiffs allege the Union's failure to process their grievances violated 29 U.S.C. § 411(a)(1), (2), (4), (5), 529, and 530.

[4]Plaintiffs allege the Union disciplined them in violation of the NLRA, 29 U.S.C. §158(b)(1)(A).

[5]Prior to filing these Motions, Plaintiffs and Defendants attempted to resolve these issues but little resolution resulted.

3

involved [in] the litigation." Topol v. Tr. of Univ. of Pa., 160 F.R.D. 476, 477 (E.D. Pa. 1995). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[Relevancy] under Rule 26 is to be construed liberally," but it "must also be determined and limited by the context of the facts and circumstances of each particular case." Williams v. Am. Cyanamid, 164 F.R.D. 615, 616 (D.N.J. 1996). A district judge must exercise broad discretion in supervising discovery. Bowman v. Gen. Motors Corp., 64 F.R.D. 62, 69 (E.D. Pa. 1974).

### A. Plaintiffs' Union Motion

In the Union Motion, Plaintiffs seek to compel the Union to respond to paragraph 8 of Plaintiffs' First Set of Interrogatories to the Union and to produce documents relating to paragraph 31 of Plaintiffs' First Request for Production of Documents to the Union. For the following reasons, we will deny these requests.

#### 1. Paragraph 8 of Plaintiffs' Interrogatories

First, Plaintiffs seek to compel the Union to respond to Paragraph 8 of Plaintiffs' Interrogatories. Paragraph 8 is an "admissions" interrogatory. It states:

> If you claim that [Plaintiffs] have made any admissions relating to the subject matter of [Plaintiffs'] Complaint, [Plaintiffs'] claims, or Defendants' defenses, state: the date made; where made; the name and address of each person present at the time the admission was made; the contents of the admission; and if in writing, attach a copy.

Plaintiffs claim that the information is clearly relevant and that they are entitled to the information but they do not explain its relevance or why they are entitled to it. The Union argues that paragraph 8 calls for a legal conclusion, is vague and overly broad and lacks sufficient

4

precision to permit a response. In support of its argument, the Union cites Susquehanna Commer. Fin., Inc. v. Vascular Res., Inc., 2010 U.S. Dist. LEXIS 127125 (M.D. Pa. Dec. 1, 2010). Susquehanna held that an interrogatory asking for any "statement" or "admission" that [defendants] made at any time regarding "the subject matter of this lawsuit" was overly broad, vague and largely unanswerable. Id. at *25-26.

We agree with the Union, and find that paragraph 8 is vague, overly broad and lacks sufficient precision to permit a response. Thus, we find that Plaintiffs are not entitled to any further response from the Union.

        2.        Paragraph 31 of Plaintiffs' Request for Production of Documents

Next, Plaintiffs seek to compel the Union to produce documents relating to paragraph 31 of Plaintiffs' First Request for Production of Documents. Paragraph 31 requests documents related to past litigation involving the Union. It states:

> Any and all documents that [r]elate or [p]ertain to any litigation or administrative charge in which any current or former [Union] employee, agent or officer named in Plaintiffs' Complaint, Defendants' Answer, Plaintiffs' Initial Disclosures, or Defendants' Initial Disclosures was or is a party or witness.

Plaintiffs assert that these documents are relevant because they may tend to show that the individuals are routinely engaged in the conduct complained of and they offer to limit the time frame to a seven-year window. The Union contends the request is vague, overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information because such information would include private matters including divorces and civil suits wholly unrelated to this case. The Union further contends that the information sought is protected by the attorney-client privilege, work product doctrine or other rule of privilege or confidentiality because the

5

identity of witnesses and contents of the statements given to the National Labor Relations Board ("NLRB") are guaranteed confidential. Moreover, the Union argues that it has already provided information relating to labor and employment matters involving employees and officials of the Union and that those materials are publicly available to Plaintiffs.

Regarding this request, we agree with the Union that the request is overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information. Furthermore, we find that the Union has an interest in preserving the confidentiality of statements given to the NLRB. Thus, Plaintiffs are not entitled to any further response from the Union.

    **B.**    **Plaintiffs' Theater Motion**

In the Theater Motion, Plaintiffs seek to compel the Theater to respond to paragraphs 2, 3, 7, 8, 9, 12, and 20 of Plaintiffs' First Set of Interrogatories to Theater Defendants and to produce documents relating to paragraphs 42-48 of Plaintiffs' First Request for Production of Documents to Theater Defendants. In addition, Plaintiffs seek to compel the Theater to produce "profit and loss statements or any documents related to the financial situation of the Theater" pursuant to paragraph 59 of Plaintiffs' First Request for Production of Documents to the Theater. For the following reasons we will deny these requests.

        1.    Paragraphs 2 and 3 of Plaintiffs' Interrogatories

Plaintiffs seek to compel the Theater to respond to paragraphs 2 and 3 of Plaintiffs' Interrogatories. Therein, Plaintiffs seek information regarding any communication and any meeting involving the Theater where the subject matter of this litigation was addressed. Paragraph 2 states:

> List each and every communication involving any employee, owner or principal of

> Defendants [r]elating to the subject matter of [Plaintiffs'] Complaint, [Plaintiffs'] claims, or Defendants' defenses. For each such conversation, [i]dentify all participants to the conversation, the date and location of the conversation, the substance of each conversation, and [i]dentify each [d]ocument which [r]efers to the communications.

Paragraph 3 states:

> List each and every meeting held by or attended by any employee, owner or principal of Defendants where the subject matter of [Plaintiffs'] Complaint, [Plaintiffs'] claims, or Defendants' defenses were discussed. Describe each such meeting in detail, Identifying each individual present, the date and location of the meeting, and the substance of each meeting.

Plaintiffs state that these interrogatories "clearly seek relevant information" and "are not unduly burdensome" but do not explain their reasoning. The Theater objects to the above paragraphs claiming that they are overly broad, unlimited in time, and unduly burdensome. The Theater further objects on grounds that the requests are vague, ambiguous, or otherwise lacking sufficient precision to permit a response. In its Response to paragraphs 2 and 3, the Theater refers Plaintiffs to the 1,600 or more pages of documents they have previously produced in response to Plaintiffs' First Request for Production of Documents. In a letter to Plaintiffs' counsel regarding the sufficiency of this response, the Theater explained that it had already provided Plaintiffs with documentation concerning conversations related to the subject matter of the litigation.

We are of the opinion that the unlimited scope and time of these requests are overly broad and unduly burdensome. Additionally, we find that the Theater has adequately responded to paragraphs 2 and 3 of Plaintiffs' First Set of Interrogatories to the Theater and that it need not provide any further response.

2. Paragraphs 7 and 8 of Plaintiffs' Interrogatories

Next, Plaintiffs seek to compel the Theater to respond to paragraphs 7 and 8 of Plaintiffs' Interrogatories. These paragraphs seek information relating to prior disputes between the Theater and its employees where the employee alleged a breach of the CBA or where the employee instituted a civil employment action against the Theater. Paragraph 7 states:

> Describe in detail each complaint, charge, report or allegation (whether formal or informal, written or oral) [r]elating to breaches of a collective bargaining agreement made by any present or former employee of the [the Theater] at any time between 2000 and the present, including the nature and date of the Complaint, the identity of the complainant, the identity of the persons who received or were consulted in connection with each complaint, any actions taken to rectify the situation; and State whether an investigation was performed, either internally or by any government agency, and the result of any such investigation.

Paragraph 8 states:

> Except for [Plaintiffs'] present lawsuit against Defendants, if, between 2000 and the present, any employee has filed a civil action against Defendants regarding his or her employment, please: [i]dentify each employee who filed the action; [s]tate the court, names of the parties, and case number of the civil action; [i]dentify each attorney representing the employee; outcome; State whether the action has been resolved or is pending and State whether an investigation was performed, either internally or by any government agency, and the result of any such investigation.

Plaintiffs argue that they are entitled to the information because it is "centrally relevant" to support the theory that their termination was retaliatory. The Theater objects to these interrogatories on grounds that the interrogatories are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. The Theater also objects on grounds that paragraphs 7 and 8 are overly broad, unlimited in time, unduly burdensome, vague, ambiguous, or otherwise lacking sufficient precision to permit a response. Furthermore, The Theater refers Plaintiffs to the 1,600 or more pages of documents they

8

produced in response to Plaintiffs' First Requests for Production of Documents. In a letter to Plaintiffs' counsel, the Theater explained that those documents are responsive to paragraphs 7 and 8. In regards to paragraph 7, the Theater argues that a breach of the CBA may relate to any dispute in a unionized workplace, including minor disagreements over work responsibilities.

We find that the ten-year scope of these requests renders a response to paragraphs 7 and 8 unduly burdensome. We agree with the Theater that there are a considerable number of ways in which an alleged breach of a CBA may occur and there are an equally considerable number of ways by which an employee may choose to express a complaint in relation thereto. Accordingly, we find that the requests are overly broad and unduly burdensome and that Plaintiffs are not entitled to this information.

        3.        Paragraph 9 of Plaintiffs' Interrogatories

Next, Plaintiffs seek to compel the Theater to respond to paragraph 9 of Plaintiffs' Interrogatories. Paragraph 9 is an "admissions" request. It states:

> If you claim that [Plaintiffs] have made any admissions [r]elating to the subject matter of [Plaintiffs'] Complaint, [Plaintiffs'] claims, or Defendants' defenses, state: the date made; where made; the name and address of each person present at the time the admission was made; the contents of the admission; and if in writing, attach a copy.

Plaintiffs assert that the information sought is relevant and that they are entitled to discover it but they make no further argument to support their position. The Theater objects to paragraph 9 on grounds that it attempts to impose upon it an obligation beyond those imposed by the Federal Rules of Civil Procedure and that it is vague, ambiguous, or otherwise lacking sufficient precision to permit a response. Moreover, the Theater contends that Plaintiffs seek information related to its litigation strategy and the mental impressions of counsel, which are

protected by the Work Product Doctrine.

The only limitation Plaintiffs impose on the scope of paragraph 9 is that the "admissions" must "relate to the subject matter" of the Complaint, claims or defenses of the litigation. We agree with the Theater and find that paragraph 9 is vague, overly broad and lacks sufficient precision to permit a response. Thus, Plaintiffs are not entitled to any further response from the Theater.

    4.   Paragraphs 12 and 16 of Plaintiffs' Interrogatories

Next, Plaintiffs seek to compel the Theater to respond to paragraphs 12 and 16 of Plaintiffs' Interrogatories. Paragraphs 12 and 16 request information relating to employee histories since the year 2000. Paragraph 12 states:

> List each employee supervised by Defendant Bernard Havard[6] between 2000 and the present, specifying as to each individual, name, gender, position, location of work, salary, dates of association with Defendant Walnut Street Theater Corporation, dates of and reasons for any interruption to or termination of employment and most recent contact information.

Paragraph 16 states: "[i]dentify all employees of [the Theater] who resigned or quit working for the Theater between 2000 to the present and the reason they provided for leaving, if any."

Plaintiffs contend that the information is relevant to establish the retaliatory nature of their employment termination. The Theater argues that paragraphs 12 and 16 are overly broad, unduly burdensome, vague, ambiguous and lacking sufficient precision to permit a response. Furthermore, it argues that the information is irrelevant and that paragraph 16 is a mere reiteration of paragraph 12.

We are of the opinion that the ten-year scope of these requests is overly broad, especially

---

[6]Bernard Havard is no longer a party to the action.

in light of the seasonal and temporary nature of employment with the Theater. Additionally, we find that the breadth of information which could result from these requests renders them unduly burdensome. Accordingly, we find that Plaintiffs are not entitled to this information.

     5.     Paragraph 20 of Plaintiffs' Interrogatories

Next, Plaintiffs seek to compel the Theater to respond to paragraph 20 of Plaintiffs' Interrogatories. Paragraph 20 relates to the Theater's investigation of the timesheet ghosting, which Plaintiff Michelle Neese alleges Paragraph 20 states:

> Did Defendants conduct an investigation into Ms. Neese's reports of payroll and timesheet inaccuracies? If so, describe the investigation in detail and: [i]dentify the date upon which the investigation was initiated; [i]dentify each individual conducting the investigation, including prior investigational experience, educational background and applicable training; [i]dentify each individual interviewed as part of the investigation; [i]dentify each Document reviewed as part of the investigation; [s]tate in full and complete detail the results of the investigation; [s]tate in full and complete detail any action taken by Defendants as a result of the investigation.

Plaintiffs argue that the information is relevant and that its production will impose little burden upon the Theater. The Theater responded to paragraph 20. It disclosed that it conducted an investigation, named the individuals who conducted the investigation, and communicated that employee Steve Dickerson signed a memorandum admitting his role in altering the timesheets. The Theater argues that any additional information responsive to the remainder of paragraph 20 is not likely to lead to the discovery of admissible evidence and that the request lacks sufficient precision to permit a response.

We find that the Theater provided a sufficient response to paragraph 20 of Plaintiffs' Interrogatories. We also find that paragraph 20 is overly broad and is not likely to lead to the discovery of admissible evidence. Therefore, Plaintiffs are not entitled to any further response to

paragraph 20.

      6.  Paragraphs 42-48 of Plaintiffs' Request for Production of Documents

Plaintiffs seek to compel the Theater to produce personnel files for Theater employees Bernard Havard, Roy Backes, Steve Dickerson, Frank Grasso, Marc Grasso, Marc Kaplan, and Bethann Grasso. Plaintiffs argue that the information will establish that the individuals were routinely engaged in the "same type of practices" complained of by the Plaintiffs., i.e., terminating employment in violation of the CBA. The Theater objects to each request on grounds that it seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and that the request is intentionally repetitive and propounded solely for the purposes of harassment.

We agree with the Theater and we find that these requests do not bear on the subject of the litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Thus, we find that Plaintiffs are not entitled to this information.

      7.  Paragraph 58 of Plaintiffs' Request for Production of Documents

Finally, Plaintiffs seek to compel the Theater to produce documents related to paragraph 58 of their Request to Produce Documents. Paragraph 58 requests documents indicating the Theater's financial status. It requests: "The year-end profit and loss statements for [the Theater] for the years 2004 through the present." Plaintiffs argue that the documents are relevant to determine the extent of punitive damages and to prove that Plaintiffs "were not inefficient." The Theater objects to producing these documents on the grounds that they are irrelevant, confidential business and/or proprietary information, and premature as we have not determined whether Plaintiffs are entitled to any damages.

The Third Circuit allows a plaintiff to discover information "regarding a defendant's financial situation" where the plaintiff seeks punitive damages. Grosek v. Panther Transp., Inc., 251 F.R.D. 162, 165 (M.D. Pa. 2008). Additionally, the weight of authority requires a defendant to disclose his financial condition in pretrial discovery when punitive damages are claimed. Id. If the plaintiff does not claim punitive damages, or if punitive damages are unavailable, the court will not allow discovery to determine whether the defendant has the means to satisfy a judgment because a defendant's ability to satisfy a judgment has little to do with the subject matter of the litigation notwithstanding a claim for punitive damages. Id. (citations omitted). Typically, punitive damages are generally not available in a hybrid action against an employer for breach of a collective bargaining agreement and a union for breach of its duty of fair representation. 48B Am. Jur. 2d Labor and Labor Relations § 2468 (2010).

The Third Circuit holds that punitive damages are not recoverable from an employer in a Section 301 action. Arnold v. Atl. and Pac. Tea Co., 461 F. Supp. 425, 431 (E.D. Pa. 1978); see also (Del. Coca-Cola Bottling Co. v. Gen. Teamsters Local Union 326, 474 F. Supp. 777, 788 (D. Del. 1979), rev'd on other grounds by Del. Coca-Cola Bottling Co. v. Gen. Teamsters Local Union 326, 634 F. 2d 1182 (3d Cir. 1980). Furthermore, the Third Circuit holds that there is strong federal labor policy against punishment and the disruptive impact that an award of punitive damages invites upon the collective bargaining system. Dian v. United Steelworkers of America, 486 F.Supp. 700, 707 (E.D. Pa.1980).

In light of the foregoing analysis, we find that Plaintiffs are not entitled to the Theater's profit and loss statements because they are irrelevant to the issues involved in the litigation.

An appropriate Order follows.